WM. CAMP, *Appellant*, v. A. CARY ELLIS, JOS. A. HICKS AND DAVID HARRISON, *Appellees*.

Opinion filed February 15, 1916.

Provisions in a lease attempting to waive the right to homestead exemptions and giving an express lien upon property are ineffective after the expiration of the lease, when under statutory regulation the lessee holding over becomes merely a tenant by sufferance or at will.

Appeal from Circuit Court, Escambia County; A. G. Campbell, Judge.

Decree affirmed.

*Beall & Anderson,* for Appellant;

*Robert P. Stout,* for Appellees.

PER CURIAM.—A bill was filed to enjoin the setting aside of property as a homestead exemption and to have a lien decreed against the property for rent. A demurrer to the bill was sustained. The complainant not desiring to amend, the bill was dismissed and the complainant appealed. It appears that a written lease for a period of two years had expired. By its terms the lease purported to waive the right of the lessee to homestead exemptions, and to give a lien upon the goods on the premises for rent payable under the provisions of the lease. After the lease expired the lessee continued in possession and under the statute became a tenant by sufferance or at will. See §4 Chap. 5441 Acts 1905, §2519a Compiled Laws 1914.

The relief sought was for rent due for the occupancy of the premises after the expiration of the written lease. Even if the waiver of homestead right was effective for any purpose, such waiver was not extended after the expiration of the period of the written lease. Likewise, if the lien was effective for rent due for the period of the lease it did not exist for rent due for a period after the lease term had expired.

There was no extension of the attempted waiver of the exemption; and an express written waiver could not

be extended by implication merely by reason of the tenant holding over particularly when by statute the occupancy after the period of the lease is a tenancy by sufferance or at will.

Affirmed.

All concur.